**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50470 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00060-SJO |
| v. | |
| MICHAEL JAMES BASSETT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

   Michael James Bassett appeals from the eight-month custodial sentence

imposed upon revocation of supervised release, as well as the 16-month term of

supervised release, during which he must reside in a residential reentry center for

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

up to 180 days. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bassett contends that the district court erred procedurally by failing to consider his arguments in mitigation, by imposing or lengthening his prison term for the purpose of rehabilitation, and by failing to recognize that the Sentencing Guidelines are advisory. The record belies these contentions.

Bassett also contends that the district court relied excessively on the need to protect the public, thus rendering his sentence substantively unreasonable. Both the 8-month sentence and the 16-month term of supervised release are substantively reasonable in light of the totality of the circumstances and the considerations set forth in 18 U.S.C. § 3583(e) and (h). *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Bassett finally contends that the district court erred procedurally and substantively by imposing as a condition of supervised release the requirement that he reside in a residential reentry center for up to 180 days after his release from prison. The district court's reasons for imposing this condition are evident from the record, and the court did not abuse its discretion in imposing it. *See* 18 U.S.C. §§ 3563(b)(11), 3583(d); U.S.S.G. § 5D1.3(e)(1).

**AFFIRMED.**

11-50470